Judgment reversed<br>and cause remanded.

PETREE and McGRATH, JJ., concur.

---

**RONNY T., Appellant,**

v.

**PHILLIP T., Appellee.**

[Cite as *Ronny T. v. Phillip T.*, 169 Ohio App.3d 46, 2006-Ohio-5103.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–06–1118.

Decided Sept. 28, 2006.

Clint M. McBee, for appellant.

PARISH, Judge.

{¶ 1} This matter is before the court on a motion for immediate visitation filed by appellant, Ronny T., pending the outcome of this appeal. Appellee, Phillip T., has not filed a response.

{¶ 2} The relevant, undisputed facts are as follows. The parties were married in Toledo, Ohio, on March 26, 1999. They have one child, Paula T., who was born on January 2, 1998, while the family was living in Texas. During a period of separation, appellant moved to Oklahoma and initiated divorce proceedings in that state; however, the complaint was ultimately dismissed. Later, appellant allowed appellee to take the child for a two-week visit, during which appellee and the child came back to Ohio. At the end of the visitation period, appellee refused to return the child to appellant. Appellant then moved to Texas, where she again initiated divorce proceedings.

{¶ 3} On December 27, 2004, the 411th District Court in Trinity County, Texas ("Texas Court"), granted the parties a divorce and designated appellant and appellee as the child's "Managing Conservator" and "Possessory Conservator," respectively. In February 2005, appellant came to Ohio to find her daughter, and learned that the child had not been attending public school. On February 15, 2005, appellant filed a "Petition to Enforce a Foreign Divorce Decree; And For An Immediate Order To Restore Possession Of The Minor Child Of The Parties to the Petitioner" in the Lucas County Court of Common Pleas, Domestic Relations Division, which appellee opposed.

{¶ 4} On April 5, 2005, following a hearing, appellee was ordered to re-enroll the child in school, pending further action by the trial court. In addition, appellant was enjoined from removing the child from any "school * * * [or] facility of public place" without court authorization.

{¶ 5} On January 24, 2006, the trial court, adopting a magistrate's decision, filed a judgment entry in which it found:

{¶ 6} "1. The Texas Court did not have jurisdiction to make a custody/parental rights and responsibilities determination as at all times relevant hereto Ohio was, and is, the home state of the minor child.

{¶ 7} "2. This court is not addressing the jurisdiction of the Texas Court to issue a divorce decree based upon their jurisdictional and venue requirements. This Court is clearly not disturbing or interpreting any provisions of the Texas Court order except to the extent that there is a direct impact on the custody/parenting time determination.

{¶ 8} "3. As the legal relationship between [appellee] and [appellant] has been resolved by the Texas decree, the parties are advised that orders concerning the minor child can be properly addressed in the Juvenile Court * * *."

{¶ 9} Appellant filed objections to the magistrate's decision. The trial court overruled the objections on March 9, 2006. Appellant filed a notice of appeal from the trial court's judgment on April 6, 2006. On May 2, 2006, the trial court's attempt to certify the case to the Lucas County Court of Common Pleas, Juvenile

Division, was declined.[1] Appellant then filed a motion to show cause and a motion for visitation in the trial court. On August 16, 2006, a domestic-relations magistrate found that appellant's "request for parenting time cannot be considered by the Court pursuant to Civ.R. 75(H) as this Court has neither issued an order concerning the allocation of parental rights and responsibilities or spousal or other support order." Appellant's request for visitation pending appeal was, therefore, denied.[2] On September 8, 2006, appellant filed the motion herein, in which she asks this court to "intervene" because she has "no other forum to turn to" for relief.

{¶ 10} Civ.R. 75(H) states:

{¶ 11} "A motion to modify, pending appeal, either a decree allocating parental rights and responsibilities for the care of children, a spousal or other support order, shall be made to the trial court in the first instance, whether made before or after a notice of appeal is filed. * * * An order entered upon motion under this rule may be vacated or modified by the appellate court. The appellate court has authority to enter like orders pending appeal, but an application to the appellate court * * * shall disclose what has occurred in the trial court regarding the relief."

{¶ 12} Upon consideration of appellant's motion, the attached supporting documentation, and portions of the record referred to therein, this court finds that by "disturbing" the Texas Court's decree as to custody and visitation issues, the trial court clearly did issue an order "concerning the allocation of [the parties'] parental rights and responsibilities." In addition, we agree with appellant's assertion that without intervention by this court, she effectively "has no forum to turn to" for assistance in gaining access to her child.

{¶ 13} Appellant's request for the intervention by this court is well taken and is granted. Pursuant to Civ.R. 75(H), we hereby vacate the trial court's order denying appellant's request for parenting time. However, since the trial court is in the best position to determine the parties' parental rights and responsibilities, we cannot grant appellant's request for visitation rights pending the outcome of this appeal. Nevertheless, we note that as a direct result of the trial court's actions, *neither party* has superior parental rights and/or responsibil-

---

1. Pursuant to R.C. 3109.06, in cases involving the allocation of parental rights and responsibilities, the domestic-relations court may certify the record to the juvenile division "on its own motion or on motion of any interested party," provided the certification is made "with the consent of the juvenile court."

2. There is no indication in the record that the "Magistrate's Order" was ever adopted by the trial court as required by Civ.R. 53(E). However, for the reasons stated herein, we find the issue moot and decline to address it at this time.

ities as to the minor child, Paula T. Therefore, having accepted jurisdiction for the purpose of accepting or rejecting the Texas Court's judgment entry, the trial court is now obligated to allocate the parties' parental rights and responsibilities. Accordingly, both parties are free to seek temporary orders from the Lucas County Court of Common Pleas, Domestic Relations Division, pending the outcome of this appeal.

Motion granted in part
and denied in part.

HANDWORK and SKOW, JJ., concur.